IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL MARIE C., <br><br>　　　　　Plaintiff, <br><br> vs. <br><br> FRANK BISIGNANO, <br>　Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No. 2:24-cv-00615-CMR <br><br> **MEMORANDUM DECISION AND ORDER AFFIRMING ALJ DECISION** <br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 8). 28 U.S.C. § 636(c) (ECF 8). Plaintiff Crystal Marie C. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful consideration of the record (Certified Administrative Record (Tr.), ECF 9), the parties' briefs (ECF 13, 21, 22), and argument presented at the June 27, 2025 hearing (ECF 31), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 13) and AFFIRMS the decision of the Commissioner.

I.　　BACKGROUND

Plaintiff filed application for disability insurance benefits (DIB) on January 26, 2018, alleging disability due to back problem, knee problem, hip problem, anxiety, depression, bipolar, PTSD, and immune deficiency disorder (Tr. 124, 298). After an ALJ found she was not disabled

in 2021, the court remanded for additional proceedings (Tr. 33–42, 1196–1200). On remand, the ALJ found in a 2022 decision that Plaintiff was not disabled, and the court again remanded for additional proceedings (Tr. 1120–33, 1872–76).

The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims (Tr. 1787–98). *See* 20 C.F.R. § 404.1520(a)(4). Plaintiff was 37 years old on her disability onset date of July 8, 2017 (Tr. 123-24). In a decision dated June 21, 2024, the ALJ determined at step two that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, asthma, dysuria interstitial cystitis, fibromyalgia, and obesity (Tr. 1787). The ALJ found non-severe impairments of depression, anxiety, kidney stones, dizziness/vertigo, obstructive sleep apnea, irritable bowel syndrome (IBS), plantar fasciitis, and post-traumatic stress disorder (PTSD) (Tr. 1788–89). The ALJ found only mild limitations in paragraph B criteria in evaluating Plaintiff's mental impairments (Tr. 1790).[1] At step three, the ALJ considered Listings 1.15 and 1.16 for skeletal spine disorders, Listing 3.03 for asthma, and Listing 6.00 for genitourinary disorders, finding the criteria not met (Tr. 1791).

The ALJ determined Plaintiff had the residual functional capacity (RFC) to do a range of light work (Tr. 1791).[2] The ALJ found at step four that, given this RFC, she was able to perform past relevant work as a collection clerk and accounting clerk (Tr. 1797). The ALJ made the alternative step-five finding that Plaintiff could perform jobs existing in significant numbers in the national economy, including table worker, final assembler, and touch-up screener (Tr. 1798).

---

[1] *See* 20 C.F.R. §§ 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe . . ."), 404.1522(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").
[2] *See id.* §§ 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations."), 404.1567(b) (defining light work).

The ALJ therefore concluded that she was not disabled (Tr. 1798). *See id*. § 404.1520(a)(4)(iv), (v). This decision is the Commissioner's final decision for judicial review. 20 C.F.R. § 404.984(d).

## II.   STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 108, 108. It is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (internal quotation omitted). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation and citation omitted).

## III.   DISCUSSION

**A.   Substantial evidence supports the ALJ's finding that Plaintiff had the RFC to do a range of light work.**

Plaintiff argues the ALJ erred in considering the medical opinion from one of her providers, Dr. Dennis Hamp, and in finding her non-severe mental impairments did not result in any workplace limitations (Pl. Br. 8–15). Plaintiff bears the burden of showing limitations should be included in her RFC assessment. *See Howard v. Barnhart*, 379 F.3d 945, 948–49 (10th Cir. 2004). The ALJ found Plaintiff had established she had the RFC to perform a restricted range of light work, *i.e.*, minimally strenuous activities (Tr. 1791). *See Kirkpatrick v. Colvin*, 663 F. App'x 646,

649 (10th Cir. 2016). As explained below, the ALJ's reasoning was legally sound, and substantial evidence supports the ALJ's findings. *See Biestek*, 587 U.S. at 103.

### 1. The ALJ evaluated Dr. Hamp's medical opinion consistent with the governing regulation, and substantial evidence supports the ALJ's rationale.

Plaintiff argues the ALJ did not sufficiently articulate consideration of the persuasiveness of the medical opinion from Dr. Dennis Hamp (Pl. Br. 11–15). An ALJ considers five factors when evaluating the persuasiveness of a medical opinion or prior administrative medical finding: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The ALJ is required to discuss only two factors—supportability and consistency—unless there are differing medical opinions or prior administrative medical findings on an issue that are equally well-supported and consistent with the record. *See id*. § 404.1520c(b)(2); *see also Nielsen v. Comm'r, SSA*, No. 21-4136, 2022 WL 15570650, at *2 (10th Cir. 2022).[3]

Plaintiff challenges the ALJ's consideration of Dr. Hamp's medical opinions (Pl. Br. 11–15). In 2018, regarding Plaintiff's mental abilities, Dr. Hamp opined she experienced several areas of "Moderate" and "Marked" limitation but "No[]" or "Mild" limitations in most areas (Tr. 924–26). In 2023, Dr. Hamp opined Plaintiff was "permanently and totally disabled and unable to work in any capacity" due to chronic pain, frequent and urgent urination, fatigue, depression, anxiety, and cognitive impairment (Tr. 2079–82). The ALJ discussed Dr. Hamp's opinions throughout three pages of his decision, explaining why some portions were partly persuasive, other portions

---

[3] For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). For consistency, "[t]he more consistent a medical opinion or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding(s) will be." *Id*. § 404.1520c(c)(2).

4

unpersuasive, and others inherently neither valuable nor persuasive because they addressed the ultimate issue of disability (Tr. 1795–97). Because the court can "trace the path of the adjudicator's reasoning," the ALJ has met the articulation requirements. *See Nielsen*, 2022 WL 15570650, at *5. The ALJ sufficiently articulated his consideration of Dr. Hamp's opinions, and substantial evidence supports his reasoning.

Relevant to supportability, the ALJ found Dr. Hamp's 2018 opinion about Plaintiff's mental limitations was "in a checkbox format, and other than noting a diagnos[is] of . . . depression, he did not provide any explanation or support for his opinions" (Tr. 1795; *see* Tr. 924–26). *See Luke B. v. Kijakazi*, No. 2:21-CV-00278-JCB, 2022 WL 656725, at *3 (D. Utah Mar. 4, 2022) (finding the ALJ articulated consideration of supportability "when he stated that [an] opinion was 'not supported with explanation or rationale in the checkbox form'"). In Dr. Hamp's opinion, there is a section asking the doctor to "[d]escribe the medical/clinical findings that support this assessment," and Dr. Hamp failed to write anything (Tr. 926). *See Dowler v. O'Malley*, No. 23-CV-16-DES, 2024 WL 1156524, at *3 (E.D. Okla. Mar. 18, 2024) ("The ALJ also correctly noted the form [the provider] filled out contains little more than bare diagnoses and conclusions without any rationale for the conclusions she reached. These reasons are appropriate bases for finding [her] opinion unsupported.").

Also relevant to supportability, the ALJ found Dr. Hamp's "opinions regarding [Plaintiff's] mental impairments appear to be based on [Plaintiff's] own self-report" (Tr. 1796). *See Mileto v. Comm'r, SSA*, No. 21-1403, 2022 WL 17883809, at *3 (10th Cir. Dec. 23, 2022) (the ALJ appropriately considered the supportability factor, which "examines how closely connected a medical opinion is to the objective medical evidence," when the ALJ found an opinion was not supported by objective medical evidence). Given Dr. Hamp's failure to describe any

medical or clinical findings that supported his opinion, it was reasonable for the ALJ to infer that the opinion was premised on Plaintiff's own statements about her limitations, which the ALJ found unsupported (*see* Tr. 926). *See Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983) (when the evidence permits varying inferences, the court may not substitute its judgment for that of the ALJ).

Regarding the consistency factor, the ALJ found Dr. Hamp's 2018 opinion was "not consistent with the record as a whole" (Tr. 1795). The ALJ discussed evidence that Plaintiff:

- "had not been hospitalized or treated emergently for mental health conditions during the period at issue" (Tr. 1833–34);
- was "not being treated by a psychiatrist, a psychologist, or a mental health counselor or therapist" and instead received her psychotropic medications from Dr. Hamp (Tr. 1828, 1834–35); and
- had not been referred to mental health treatment since 2018 or 2019 (Tr. 1835–36)

(Tr. 1795–96). The ALJ reasonably concluded "[t]his level of treatment is not indicative of a severe psychological impairment" (Tr. 1796). As such, the ALJ sufficiently explained why evidence from sources other than Dr. Hamp was inconsistent with Dr. Hamp's opinion.

In summary, the ALJ explained how persuasive he found Dr. Hamp's opinion about Plaintiff's mental limitations and sufficiently articulated his consideration of the opinion's supportability and consistency (Tr. 1795–96). The ALJ's discussion need only be sufficient to "allow a subsequent reviewer . . . to trace the path of [the ALJ's] reasoning." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844, 5,858 (Jan. 18, 2017). "Even if the ALJ could have chosen to weigh Dr. [Hamp's] opinion more favorably, the record does not reveal a 'conspicuous absence of credible choices,' so [the court should] not disturb this factual finding." *Espinoza v. Comm'r, SSA*, No. 23-1205, 2024 WL 1635689, at *3 (10th Cir. Apr. 16, 2024) (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992)).

> **2.    The ALJ reasonably found Plaintiff's non-severe mental impairments did not result in any workplace limitations.**

Plaintiff argues that the ALJ did not sufficiently explain why Plaintiff's non-severe mental impairments did not result in any mental workplace limitations for purposes of the RFC assessment (Pl. Br. 8-11). When a disability claimant has mental medically determinable impairments, the ALJ must undertake the agency's "special technique" (psychiatric review technique or PRT) for evaluating mental impairments. 20 C.F.R. § 404.1520a(a), (e)(4). As part of the special technique, the ALJ must rate the degree of functional limitation in four broad functional areas, the "B criteria," at step two or step three of the sequential evaluation process. *Id*. § 404.1520a(c). "[T]he limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." *See* SSR 96-8p, 1996 WL 374184, at *4. Consistent with SSR 96-8p, the Tenth Circuit has repeatedly held that an ALJ is not bound by his B criteria findings when fashioning a claimant's RFC. *See DeFalco-Miller v. Colvin*, 520 F. App'x 741, 748 & n.5 (10th Cir. 2013). Here, the ALJ found at step two that the claimant's mental impairments resulted in no more than "mild" limitation in each of the B criteria and were not "severe" (Tr. 1789–90). *See id*. § 404.1520a(d)(1). However, the ALJ's finding that Plaintiff had mild limitations in the B criteria did not mandate any specific findings within the RFC assessment.

An ALJ must consider the effects of all of the disability claimant's medically determinable impairments—both severe and non-severe—when assessing her RFC. 20 C.F.R. § 404.1545(a)(2). Plaintiff points to the *Wells* case, which held that "a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction." *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013). Plaintiff also relies on *Velasquez v. O'Malley*, No. CV 23-1012-DHU-KK, 2024 WL 5053346 (D.N.M. Dec. 10, 2024), to argue that

the ALJ did not adequately assess mental impairments in formulating Plaintiff's RFC (Pl. Br. 9–10). *See id.* at *6 ("[W]hen an ALJ finds one or more mild restrictions in a claimant's four broad areas of mental function due to a non-severe mental impairment at step two, [he] must further analyze the impairment's work-related impact, if any, in formulating RFC at step four." (citing *Wells*, 727 F.3d at 1064–65)).

Here, in contrast to *Wells* and *Velasquez*, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments did not result in any workplace functional limitations. Within the RFC analysis, the ALJ discussed evidence suggesting Plaintiff's non-severe mental impairments did not result in any functional limitations. *See Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013) (distinguishing *Wells*: "At step four, the ALJ discussed evidence relating to depression and then pointedly omitted any limitation associated with that mental impairment on the [residual functional capacity] . . ., though the ALJ admittedly could have been more explicit in tying the former discussion to the latter conclusion."). The ALJ discussed the State agency psychological consultants' prior administrative medical findings about Plaintiff's mental conditions, consultative psychologist Dr. Hardy's examination findings and opinion, Dr. Hamp's opinion about Plaintiff's mental limitations (Tr. 1794–97). The ALJ thus explained why he was unpersuaded by the opinion evidence suggesting Plaintiff experienced any mental workplace limitations (*see* Tr. 1794–97).

In evaluating Plaintiff's reported symptoms, the ALJ discussed her reports of social avoidance, panic attacks, impaired memory, and difficulty following written instructions (Tr. 1792). The ALJ also considered Plaintiff's testimony that she took medication for anxiety and PTSD, and that anxiety could affect her concentration (Tr. 1792–93). However, the ALJ found Plaintiff's reported symptoms inconsistent with other evidence (Tr. 1793), which Plaintiff has not

8

challenged on appeal. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review."). The ALJ discussed Plaintiff's daily activities—caring for her family, preparing simple meals, performing some household chores, driving, shopping, handling money, reading, and watching movies—appear inconsistent with her claims of debilitating mental symptoms (Tr. 1794; *see* Tr. 400–03, 427–30).[4]

This court has consistently found the ALJ sufficiently considered a claimant's non-severe mental impairments where he discussed the medical opinion evidence related to the claimant's mental impairments in the RFC analysis. *See Terry M. v. Saul*, No. 2:19-CV-00902-DB-JCB, 2020 WL 6136172, at *5 (D. Utah Sept. 15, 2020) ("Although the ALJ here, like the ALJs in *Wells* and *Suttles*, could have been more specific in linking his discussion of the evidence to his RFC determination, the court concludes that his decision demonstrates that he conducted a mental RFC assessment separate from his step-two findings."), *adopted sub nom. Mickell v. Saul*, 2020 WL 6135820 (D. Utah Oct. 19, 2020); *see also Steven S. v. Kijakazi*, No. 1:22- CV-00019-JCB, 2022 WL 3705466, at *4 (D. Utah Aug. 26, 2022) ("[T]he fact that there was *some* discussion of Plaintiff's mental impairments in the RFC assessment is enough to render the ALJ's decision adequate."). In this case, the ALJ's discussion of Plaintiff's mental symptoms, the State agency psychological consultants' prior administrative medical findings, and the medical opinions about Plaintiff's mental limitations within the RFC analysis was sufficient to show that the ALJ did not

---

[4] *See Adcock v. Comm'r, SSA*, 748 F. App'x 842, 848 (10th Cir. 2018) (finding the ALJ reasonably discounted the claimant's subjective complaints based on "fairly extensive activities," where "she regularly attended church, AA, and other activities, frequently drove, and even drove one hour to her administrative hearing before the ALJ."); *Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (the ALJ reasonably found a claimant's "description of her daily activities did not indicate significant limitations," where, among other things, the claimant could care for her children).

rely on his finding of non-severity to evaluate Plaintiff's mental workplace abilities and limitations.

B. **Substantial evidence supports the ALJ's finding that Plaintiff could do her past relevant work.**

Plaintiff argues that the ALJ should not have found Plaintiff was capable of her past relevant work (Pl. Br. 15–16). At step four, Plaintiff bears the burden to prove she could not do her past relevant work either as she actually performed it or as generally performed in the national economy. *See* 20 C.F.R. 404.1520(a)(4)(iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). For the former, a claimant must show she cannot "perform the particular functional demands and job duties peculiar to an individual job as he . . . actually performed it." SSR 82-61, 1982 WL 31387, at *1–2. For the latter, a claimant must show she cannot "perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy," as described in the Dictionary of Occupational Titles (DOT). *Id*. at *2.

At the administrative hearing, the VE testified that Plaintiff's past relevant work included:

- Collection clerk, defined in the DOT at entry 241.357-010 as a sedentary skilled occupation; and
- Accounting clerk, defined in the DOT at entry 216.482-010 as a sedentary skilled occupation

(Tr. 1838; *see* Tr. 1167). The ALJ asked the VE about a hypothetical individual with the same age, education, and work experience as Plaintiff, with limitations the ALJ ultimately found coincided with Plaintiff's RFC (Tr. 1791, 1839). The VE testified that an individual with this vocational profile could do Plaintiff's past relevant work as a collection clerk and accounting clerk, both as generally performed in the national economy and as Plaintiff had actually performed them (Tr. 1839). The ALJ cited the VE's testimony to find that Plaintiff's RFC would allow her to perform her past relevant work (Tr. 1797). These findings, made in reliance upon a VE's

10

testimony, satisfy an ALJ's obligation to determine the physical and mental demands of a claimant's past relevant work and to confirm that the claimant is capable of performing her past relevant work. *See Doyal v. Barnhart*, 331 F.3d 758, 760–61 (10th Cir. 2003).

In the briefing, Plaintiff pointed to SSR 24-2p changing the fifteen-year timeframe for past relevant work to five years. However, Plaintiff conceded at the June 27, 2025 hearing (ECF 31) that the regulations the agency issued last year provide no basis for disturbing the ALJ's finding that she had past relevant work as a collections clerk and an accounting clerk. Under rules in place at the time of the ALJ's decision, a claimant's past work generally qualified as "past relevant work" if, among other things, it was performed within the last fifteen years. 20 C.F.R. § 404.1565(a). SSA originally provided that the revised regulation would take effect on June 8, 2024, 89 Fed. Reg. 27,653 (Apr. 18, 2024), but later deferred the effective date to June 22, 2024, 89 Fed. Reg. 48,138 (June 5, 2024). Thus, the ALJ's June 21, 2024 decision came before the regulatory change went into effect. The court performs judicial review in accord with the "version of the regulation that was 'in effect at the time of the ALJ's decision.'" *Tina W. v. Comm'r, SSA*, No. 24-4029, 2024 WL 5165687, at *3 (10th Cir. Dec. 19, 2024) (quoting *Newbold v. Colvin,* 718 F.3d 1257, 1261 n.2 (10th Cir. 2013)). Plaintiff does not otherwise challenge the ALJ's finding that, given her RFC, she could perform past relevant work, and the court therefore concludes that this finding is supported by substantial evidence.[5]

---

[5] Because the ALJ reasonably concluded that Plaintiff could perform past relevant work, the court need not address Plaintiff's challenge to the ALJ's alternative finding that she could also perform other work existing in significant numbers. *Cf. Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) ("Since the unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed—regardless of the merit of his arguments relating to step four."). Regardless, this finding is also supported by substantial evidence because the ALJ reasonably relied on VE testimony, and there was no conflicting evidence about job numbers before the agency.

11

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).[6]

DATED this 19 September 2025.

                                                  *[signature]*
                                                Magistrate Judge Cecilia M. Romero
                                                United States District Court for the District of Utah

---

[6] Plaintiff finally argues that the court should direct the Commissioner to find that she is disabled (Pl. Br. 22–24). Even if the court were to find that the ALJ erred, the appropriate remedy would be a remand for additional proceedings, not an award of disability benefits. Consistent with the ordinary remand rule, the Tenth Circuit has recognized that "[o]utright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose." *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (quotation and citation omitted). That is, the record must "fully support[] a determination that [the claimant] is disabled as a matter of law and is entitled to the [S]ocial [S]ecurity benefits for which he applied." *Id*. The facts of this case do not conclusively demonstrate that Plaintiff is disabled as a matter of law.